UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRIAN CHANDLER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SHASTA, *et al.*,<br><br>    Defendants. | Case No.  2:21-cv-00137-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>ECF No. 5<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS<br><br>ECF No. 1<br><br>SIXTY-DAY DEADLINE |

    Plaintiff alleges that, while he was held in the Shasta County Jail, defendants failed to adhere to health guidelines and exposed him to a heightened risk of contracting Covid-19.  ECF No. 1 at 3.  This claim is not adequately pled.  I will give plaintiff a chance to amend his complaint before recommending that it be dismissed.  I will also deny plaintiff's application to proceed *in forma pauperis*, ECF No. 5, as moot, because he has already paid the filing fee.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff names Shasta County, the Shasta County Jail, and the Shasta County Sheriff as defendants and argues that they violated his constitutional rights by failing to take appropriate steps to protect him from exposure to Covid-19. ECF No. 1 at 3. He references "rules and guidelines" that were allegedly not followed, but offers no specifics as to either what those rules

and guidelines are or how each defendant failed to abide by them. *Id.* Plaintiff also raises a second claim concerning the Shasta County Sheriff's alleged failure to offer parole, but again he fails to provide any context. *Id.* at 4. If these claims are to proceed, plaintiff must give each defendant adequate notice of how he or she allegedly violated plaintiff's rights. Additionally, plaintiff is advised that, unless these two claims are factually related, they are unsuitable to proceed in a single, multiple-defendant action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

I will give plaintiff leave to amend his complaint before recommending dismissal of this action. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is denied as moot.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: \_\_\_June 10, 2021\_\_\_          _____
                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE

3