UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRIAN CHANDLER,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SHASTA, *et al.*,<br><br>  Defendants. | Case No. 2:21-cv-00137-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 10<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff, a county jail inmate during the period relevant to his claims, has filed an amended complaint. ECF No. 10. For the reasons stated below, the complaint fails to state a cognizable claim, and I recommend that it be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

10  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

11  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

12  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

13  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

14  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

15  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17  Plaintiff alleges that Shasta County violated his rights by failing to offer him parole.  ECF

18  No. 10 at 3, 6.  There is no constitutional entitlement to parole, however.  *See Greenholtz v.*

19  *Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional

20  or inherent right of a convicted person to be conditionally released before the expiration of a valid

21  sentence.").  Plaintiff thus cannot proceed, and, considering the fundamental non-viability of his

22  claim, offering him further opportunity to amend would be futile.

23  Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge

24  to this action.

25  Further, I RECOMMEND that plaintiff's first amended complaint, ECF No. 10, be

26  dismissed with prejudice and without leave to amend for failure to state a claim.

27  These recommendations will be submitted to the U.S. district judge presiding over the

28  case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of

these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 27, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3